By the Court.—Sedgwick, Ch. J.
The ground of plaintiffs’ dissatisfaction with the verdict is that, by the uncontradicted evidence in the case, the plaintiffs were entitled to recover a larger sum, than the amount of the verdict.
The plaintiffs claim, as a matter of right, that the judge below should have granted a motion for a new trial because both parties moved for a new trial.
The motions were several and also the orders respectively. The order on the defendant’s motion declares that the plaintiffs consented to the granting of that motion. Although the judge refused to *117 consider himself obliged to grant the order, this is not a subject of complaint by the plaintiffs. If it is assumed that defendant might claim a right to have the. new trial granted, he has not appealed and the plaintiffs did not make the motion then denied. The order denying the plaintiffs’ motion does not appear to have been made after the defendant had consented to a granting of the motion. Indeed the proceedings on the trial show that there was no such consent. Each party made a motion, but each did not consent that the motion by the other should be granted. I therefore think that the plaintiffs were not entitled to a new trial on the ground that has been examined.
As to the position that the evidence taken altogether shows that the plaintiffs’ loss and damage was greater than the amount assessed by the jury, I am of opinion that it is not valid. There was not a witness whose testimony the jury was bound to find to be credible or exact. The most important witnesses for the plaintiffs were one of the plaintiffs and men who had been in the employment of the plaintiffs, These servants were at the time of the trial employed by the plaintiffs. They had made the documents on which the plaintiffs’ case in part rested. Whether they had made them correctly or exactly was for the jury to say. The documents were not made according to the usual methods of business. The plaintiffs’ book contained no merchandise account. Instead of proving the amount of merchandise on hand at the time of the fire, by the production of the ordinary books of account, the plaintiffs produced a carelessly made, so far as form is concerned, inventory of goods on hand made in the January before the fire, which was in the month of July, and to show the changes of the stock in the meantime, numerous slips of paper made by the plaintiffs’ clerks, were, put in evidence. The slips that were of *118 a white color contained, as plaintiffs claimed, statements of goods sent into the basement where the fire occurred. Slips of a yellow color contained, as claimed by plaintiffs, statements of the goods sent out of the basement. The jury was not bound to say, upon these facts and others that appeared, that the oral testimony or the documents in evidence incontrovertably showed the amount claimed by the plaintiffs as loss and damage, was correct.
But it is suggested for the plaintiffs that if the jury. rejected the testimony in favor of plaintiffs as incredible, there was no testimony which could have shown to.the jury what the actual loss was. I think that this overlooks the significance the . jury were entitled to give to the facts that concerned the mass that remained after the fire apart from the goods that might be identified for the purpose of the appraisement that was made. The jury had to consider the size of the piles of refuse as bearing upon the probable quantity of the goods subjected to the fire. The plaintiffs had gone into this matter and their witnesses had described the quantity of the refuse. There was opposing testimony as to this, and as to the constituents of the refuse. If the jury’s opinion was favorable to the defendant, they could find that, in consideration of their judgment as to what was really proved by the other evidence, the testimony as to the refuse showed that there was not on hand before the fire as many goods as the witnesses for plaintiffs had testified there were, by a practically certain amount. I am of opinion that there should not be a new trial on this ground.
I agree with the court below that the plaintiff who appeared as a witness could not be allowed to answer the question “ what was the amount of loss and damage sustained by the plaintiffs by reason of the fire.’’ This would have been the result of a calculation upon such facts as the witness chose to consider *119 the proper facts to show the loss or damages, and therefore was inadmissible. For instance, he might have supposed that he should consider the facts he testified to and the documents in the case as furnishing indubitable data in estimating the loss.
The court allowed defendant’s counsel to ask of the plaintiff, how many other fires he had had ? If the question did not call for anythingbut an impeachment of the witness’s credibility generally as a witness, it may be assumed that the court should have overruled the question. But the witness had in his direct examination testified that he had had experience in judging what was indicated by refuse after fires as to the amount of goods represented by the refuse. It was, therefore, competent to show that such experience had been acquired in part by facts connected with fires in which he had an interest that would affect his power to judge impartially.
The defendant asked the court to charge that the objection of the defendant to the jurors going, uptown to inspect the entire remains of the fire, does not create any inference or opinion whatever in favor of the calculations and claims of the plaintiffs in this case. -The court made the charge and the plaintiffs excepted to it.
In the course of the trial the objection referred to in the charge had been made, or rather the plaintiffs made the proposition, adding “if the defendant consent.” The only refusal was made by the defendant saying nothing.
I am of opinion that the charge was correct. The defendant was not open to being charged with an apprehension that the inspection by the jury would result unfavorably to it until after it was determined that the defendant was bound to believe or did believe that the mass of the refuse at the time of the inspection would be the same in kind and quantity that it was after the fire. The defendant was not *120 bound to have such a belief. But on general principles I think the defendant was not called to assist the plaintiffs in making evidence for themselves and then being held to explain, why they did not assist.
The judgment and order are affirmed with costs.
O’Gorman, J., concurred.